IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUSTEEL USA, INC. | § | |
| | § | |
| *vs*. | § | C.A. NO. H – 14 – 1028 |
| | § | ADMIRALTY |
| M/V AQUARIUS OCEAN, *etc., et al.* | § | |

## *ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Husteel USA, Inc. files this Original Complaint against Defendants, the M/V AQUARIUS OCEAN, *in rem*, and Diamond Camellia S.A. ("Diamond"), Daiichi Chuo Marine Co. Ltd. ("Daiichi") and Kawasaki Kisen Kaisha Ltd. ("K Line"), *in personam*, and respectfully will prove by a preponderance of the credible evidence:

1.      This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts.  Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2.      Plaintiff is a California corporation with its principal place of business in Anaheim, California.

3.      At all times material and on information and belief, the AQUARIUS OCEAN was an ocean–going vessel, registered in Panama, bearing International Maritime Organization (IMO) No. 9339789, weighing approximately 30,014 gross tons,

bearing the name, "M/V GRACIOUS SKY," and engaged in the carriage of general cargo to and/or from ports in the United States.

4. At all times material, Diamond owned, managed and/or operated the M/V AQUARIUS OCEAN while she formerly was named as the M/V GRACIOUS SKY, as a common carrier of goods by water for hire between various ports, including the Ports of Pyeongtaek, Korea and Houston. Diamond is a foreign entity not authorized to do business in Texas but, on information and belief, at all times material, did business in Texas by carrying cargos aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Diamond is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Diamond may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Diamond has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Diamond is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Diamond with a summons is effective to establish personal jurisdiction over it. Diamond

can be served at its home office in care of Daiichi Chuo Marine Co. Ltd. (DC Marine), 3rd Floor, Daiichi Chuo Kisen Building, 14–4, Shintomi 2–chome, Chuo–ku, Tokyo–to, 104–0041, Japan.

5.   At all times material, Daiichi managed and/or operated the M/V AQUARIUS OCEAN while she formerly was named as the M/V GRACIOUS SKY, as a common carrier of goods by water for hire between various ports, including the Ports of Pyeongtaek and Houston.  Daiichi is a foreign entity not authorized to do business in Texas but, on information and belief, at all times material, did business in Texas by carrying cargos aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Daiichi is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Daiichi may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Daiichi has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Daiichi is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Daiichi with a summons is effective to establish

personal jurisdiction over it.  Daiichi can be served at its home office, 3rd Floor, Daiichi Chuo Kisen Building, 14–4, Shintomi 2–chome, Chuo–ku, Tokyo–to, 104–0041, Japan.

6. At all times material, K Line chartered, managed and/or operated the M/V AQUARIUS OCEAN while she formerly was named as the M/V GRACIOUS SKY, as a common carrier of goods by water for hire between various ports, including the Ports of Pyeongtaek and Houston.  K Line is a foreign entity not authorized to do business in Texas but, on information and belief, at all times material, did business in Texas by carrying cargos aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  K Line is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although K Line may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and K Line has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over K Line is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving K Line with a summons is effective to establish personal jurisdiction over it.  K Line can be served at its home office at Iino Building,

1–1, Uchisaiwaicho 2–chome, Chiyoda–ku, Tokyo 100–8540, Japan.

7. On or about March 7, 2013, Plaintiff's shipper tendered in good order and condition to Defendants at Pyeongtaek various cargos of ERW steel pipe. Defendants agreed safely to receive, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges. Defendants acknowledged receipt of the cargos in good order and condition and, accordingly therewith issued various bills of lading, including Bills of Lading Nos. PTKHST–001 through 007, free of exceptions or other notations for loss or damage, and loaded the cargos aboard the M/V GRACIOUS SKY.

8. On or about April 16, 2013, the M/V GRACIOUS SKY arrived at Houston where Defendants later discharged and then delivered the cargos to Plaintiff's consignee, not in the same good order and condition as when received but, on the contrary, much of the cargos was dented, bent, nicked, gouged, smashed, crushed, out of round, compressed, wet, rusty, corroded, contaminated, stained, scratched and otherwise physically damaged. The damages and loss proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V GRACIOUS SKY.

9. Alternatively but without waiving the foregoing, at all times material and on information and belief, Plaintiff's damages and loss proximately resulted from Daiichi's

act(s) and/or omission(s) constituting negligence in managing and/or operating the M/V GRACIOUS SKY.

11. Plaintiff proximately has sustained damages exceeding $35,992.94 plus interest dating from March 7, 2013, demand for which has been made upon Defendants but which they refuse to pay.

11. At all times material, Plaintiff owned the cargos and/or brings this claim for itself and/or as agent and/or trustee for all persons or entities, including any insurer that is or may become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Husteel USA, Inc. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V AQUARIUS OCEAN, her engines, tackle, apparel, *etc.*; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V AQUARIUS OCEAN be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that the M/V AQUARIUS OCEAN, *in rem*, and Diamond Camellia S.A., Daiichi Chuo Marine Co. Ltd. and Kawasaki Kisen Kaisha Ltd., *in personam*, jointly and severally, are liable to Plaintiff for its damages as alleged, plus pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By /s/ Robert C. Oliver

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
550 Westcott, Suite 230
Houston, Texas 77007–5096
Telephone:   (713) 864–2221
Facsimile:   (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS FOR PLAINTIFF